UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

CASE NO.: 8:15-cr-90-T-24MAP

vs.

JAMES DALE LITTLE

_____/

**ORDER**

This cause comes before the Court on Defendant's Motion to Dismiss for Improper Venue (Doc. 39). The Court directed the Government to respond (Doc. 41) and the Government filed a response in opposition to the motion to dismiss (Doc. 42). In the motion, Defendant argues that the facts of the case do not establish that Defendant was located in Tampa, Florida at the time of the charged conduct.

On March 26, 2015, a federal grand jury returned a two count indictment against Defendant in the Middle District of Florida. (Doc. 1). Count One alleges a violation of 18 U.S.C. §§ 2252(a)(1) and (b)(1) (Transportation of Child Pornography) and Count Two alleges a violation of 18 U.S.C. §§ 2252(a)(4)(B) and (b)(2) (Possession of Child Pornography). The allegations stem from emails obtained via a search warrant by the Government from Google, Inc. for the time period beginning on December 1, 2012. The emails relate to the user names dale1972.jl@gmail.com and rickyt111222@hotmail.com. Defendant made statements to law enforcement confirming that he was the subscriber of the dale1972.jl@gmail.com email address. Google also identified the named subscriber of that email address as James Little, the Defendant in this case. The emails referenced in the motion to dismiss are dated December 21, 2012 and January 26, 2013.

During interrogations in this case, Defendant advised agents that he moved to Tampa, Florida from Texas on December 26, 2012. Thus, Defendant argues, that he was not located in the Middle District of Florida when the December 21, 2012 email was sent or received. Further, as to the January 26, 2013 email, Defendant argues that although Defendant made statements to agents that he sent and received emails containing child pornography while in Tampa, Florida on shore leave from the shrimp boat he was working on in January 2013, that the Government has not come forth with independent corroborating evidence that the alleged acts took place in the Middle District of Florida.

In response, the Government provides the statements of Geronia Angelica Putnam who told agents that Defendant moved to Tampa, Florida on December 26, 2012 and that he lived in Texas prior to that. The Government also provides employment records from Versaggi Shrimp Corp. in Tampa, Florida that show Defendant was in Tampa, Florida during at least some of the charged conduct. Doc. 42, Ex. 1. The records further show that Defendant was at sea from January 2 to 25, 2013 and February 5 to 25, 2013. *Id.*, Ex. 2. Defendant made statements that he received and sent child pornography while in Tampa, Florida while he was off the shrimp boat. He also stated that he did not deal in child pornography while in Texas. Finally, the Government produced a report for content of the email account dale1972.jl@gmail.com, which included an excerpt from a December 27, 2012 email in which Defendant stated he had just moved to Tampa. Doc. 42 at 4-5.

"[A]ny offense against the United States begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed." 18 U.S.C. § 3237(a). When venue is challenged, the Court views the evidence in the light most favorable to the Government in

determining whether the Government has proved by a preponderance of the evidence that the crimes occurred in the district in which the defendant is being prosecuted. *United States v. Breitweiser*, 357 F.3d 1249, 1253 (11th Cir. 2004).

In this case, the Government has provided evidence that Defendant had moved to Tampa, Florida by December 27, 2012. That evidence includes Defendant's statements in an email dated December 27, 2012, the employment records from Versaggi Shrimp Corp. that Defendant completed on December 27, 2012, the statements of Ms. Putnam that Defendant moved to Tampa on December 26, 2012, and Defendants own statements to agents that he moved from Texas to Tampa, Florida on December 26, 2012. Defendant admitted to dealing in child pornography in January 2013 while he was in Tampa, Florida.

Thus, the Court concludes that the Government has established proper venue by a preponderance of the evidence. While the email dated December 21, 2012 may have been sent to Defendant while he was in Texas, the evidence provided by the Government shows that the January 26, 2013 email occurred while Defendant was located in Tampa, Florida.

Accordingly, the Court **DENIES** Defendant's Motion to Dismiss for Improper Venue.

DONE AND ORDERED at Tampa, Florida, this 4th day of August, 2015.

SUSAN C. BUCKLEW
United States District Judge

**Copies furnished to:**
Counsel of Record