**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**UNITED STATES OF AMERICA**

    **vs.**                                  **CASE NO: 8:15-CR-90-T-24MAP**

**JAMES DALE LITTLE**
    **Defendant**

## ORDER

This case is before the Court on Defendant James Dale Little's Motion to Sever Counts One and Two of the Indictment. (Doc. 54). The Motion is opposed by the Government. (Doc. 58). Defendant Little asks that the Court sever counts one and two of the indictment because the offenses are not of the same or similar character, are not based on the same act or transaction, and are not connected with or constitute parts of a common scheme or plan.

First, the Court notes Defendant's motion is untimely, having been filed substantially after the pretrial motion deadline of July 17, 2015 and should be denied for that reason alone. However, the Court has examined the merits of the motion and finds it should be denied on the merits as well.

On March 26, 2015, James Dale Little was indicted for one count of transportation of child pornography and one count of possession of child pornography. (Doc. 1). The transportation is alleged to have occurred on January 26, 2013 and the possession between December 21, 2012 and January 26, 2013.

Federal Rule of Criminal Procedure 8(a)-- Joinder of Offenses provides:

> The indictment or information may charge a defendant in
> separate counts with 2 or more offenses if the offenses
> charged —whether felonies or misdemeanors or both—are
> of the same or similar character, or are based on the same

act or transaction, or are connected with or constitute parts
of a common scheme or plan.

The crimes in counts one and two of the indictment are similar in character in that they both concern Little's participation in child pornography.  The timing of Counts one and two overlap, count one allegedly occurring on January 26, 2013 and count two between December 21, 2012 and January 26, 2013. I t would be hard to find counts more similar in character or more connected with or constituting a common scheme or plan.

Defendant is concerned that the trial of both counts could confuse the jury, and the jury may not be able to separate the evidence as to each count depriving defendant of a fair trial.   Federal Rule of Criminal Procedure 14(a) –Relief from Prejudicial Joinder provides:

If the joinder of offenses or defendants in an indictment, an
information, or a consolidation for trial appears to prejudice
a defendant or the government, the court may order separate
trials of counts, sever the defendants' trials, or provide
any other relief that justice requires.

However, severance should be granted only if a defendant can demonstrate that a joint trial will result in specific and compelling prejudice.  United  States v. Marszalkowski, 669 F.2d  655, 660 (11th Cir.), cert. denied, sub. nom., Brock v. United States, 459 U.S. 906 (1982).  A defendant "must establish that a joint trial subjected him not just to some prejudice, but to compelling prejudice against which the district court could not afford protection." United States v. Harper, 680 F.2d 731, 733 (11th Cir. 1982), cert. denied, 459 U.S. 916 (1982).  Defendant Little has not made a showing of prejudice such that this Court should grant this motion.  The Court intends to instruct the jury that they should "consider each crime and the evidence relating to it separately," and is confident the jury can follow the Court's instruction.

Accordingly, Defendant Little's motion to Sever is Denied.

It is **SO ORDERED** at Tampa, Florida  this 16th day of October, 2015.

SUSAN C. BUCKLEW
United States District Judge

Copies To: Counsel of Record